**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 99-4318

EDWARD RAY SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-347)

Submitted: November 30, 1999

Decided: January 12, 2000

Before MURNAGHAN, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John B. Mann, LEVIT, MANN & HALLIGAN, Richmond, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, S. David
Schiller, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Ray Smith appeals from his conviction, following his conditional guilty plea, of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). Finding no reversible error, we affirm.

We have reviewed the record and find that the district court did not err when it denied Smith's motion to suppress. See United States v. Sprinkle, 106 F.3d 613, 616-18 (4th Cir. 1997); see also United States v. Hassan El, 5 F.3d 726, 729-30 (4th Cir. 1993). Smith failed to raise a timely objection to the introduction of Officer Graves' statement and failed to challenge the reasonableness of Officer Bingham's order for him to exit his vehicle; he also failed to timely object to the officers' search under the car mat where the weapon was found. Neither the admission of the statement nor the search was plainly erroneous. See Fed. R. Civ. P. 52(a); see also Pennsylvania v. Mimms, 434 U.S. 106, 110-11 (1977) (at a traffic stop, police may lawfully order a driver out of his vehicle); United States v. Matlock, 415 U.S. 164, 172-75 (1974) (hearsay evidence admissible at suppression hearings); United States v. Sakyi, 160 F.3d 164, 167-68 (4th Cir. 1998) (permitting "frisk" of vehicle if the officer has an objectively reasonable suspicion of a potentially dangerous circumstance).

Smith waived his right to appeal issues other than the denial of his suppression motion, so we decline to consider the propriety of the district court's refusal to grant a downward departure from Smith's guidelines sentence.

We affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED